The Honorable Marc L. Barreca
Chapter 13
Hearing Date: 3/10/2011
Hearing Time: 9:30 AM
Location: 700 Stewart Street, 7106
Seattle, WA
Response Date: 3/03/2011

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

In re:

Sean Shiotani
Ginger Shiotani

Debtors,

Case No. 10-23144-MLB

Chapter 13

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHASI FH07-AR1, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement ("Secured Creditor") objects to Confirmation of the Chapter 13 Plan proposed by ("Debtors") Sean Shiotani and Ginger Shiotani.

1.  Secured Creditor is entitled to receive payments pursuant to a Promissory Note which is secured by a Deed of Trust on the real property (the "Property") commonly known as 2346 West Viewmont Way West, Seattle, WA 98199. As of 10/29/2010, the amount in default was $141,319.81, as described in the Proof of Claim filed by this Secured Creditor on or about 1/4/2011, incurred with respect to the default.

2.  Debtor's Plan is contradictory and misleading. Debtors propose to pay the ongoing monthly mortgage payment and pay the arrears in full, yet the plan further states Secured Creditor shall receive no payments for the first six months and if the Debtor cannot

Objection to Chapter 13 Plan - 1
WA-10-39061

McCarthy & Holthus, LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
206-319-9100

modify the loan, then Debtor shall surrender the property and Secured Creditor shall be granted relief. Clearly, the provisions providing for ongoing payments and arrears are not intended to actually pay the claims.

3. Debtors' Plan provides for payments to the Trustee in the amount of $4,400.00 per month for 36 months. However, according to Schedules I & J, Debtors only have $1,022.62 available in monthly net income to commit towards plan payments. Not only do Debtors not have sufficient funds available to make the plan payments, but Debtors have very little chance of success in modifying Secured Creditor's loan (which currently has a monthly mortgage payment of $7,519.79) based upon income requirements. Therefore, the Plan is not feasible.

4. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtors must commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. As such, the Plan cannot be confirmed.

## CONCLUSION

Any Chapter 13 Plan proposed by the Debtors must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtors be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor;

2. For attorneys' fees and costs herein,

3. For such other relief as this Court deems proper.

Respectfully submitted,
McCarthy & Holthus, LLP

By: /s/ Angela M. Michael, Esq.
Attorney for Secured Creditor

Objection to Chapter 13 Plan - 2
WA-10-39061

McCarthy & Holthus, LLP
19735 10th Ave NE, Suite N200
Poulsbo, WA 98370
206-319-9100

<b><u>CERTIFICATE OF SERVICE</u></b>

      On 2/4/2011, I served the foregoing **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** on the following individuals by electronic means through the Court's ECF program

COUNSEL FOR DEBTOR
Christina Latta Henry
chenry@seattledebtlaw.com
TRUSTEE
K Michael Fitzgerald
courtmail@seattlech13.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

                                                /s/ Lucian Perta
                                                Lucian Perta

      On 2/4/2011, I served the foregoing **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTORS
Sean Shiotani
2346 W. Viewmont Way West
Seattle, WA 98199

Ginger Shiotani
2346 W. Viewmont Way West
Seattle, WA 98199

                                          UNITED STATES TRUSTEE
                                          700 Stewart St Ste 5103
                                          Seattle, WA 98101

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

                                              /s/ David Fry
                                               David Fry